NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

KERRY SHAWN MONCUR, SR., *Petitioner/Appellant*,

*v.*

YESSIKA EDNA MONCUR, *Respondent/Appellee*.

No. 1 CA-CV 14-0320

FILED 3-24-2015

Appeal from the Superior Court in Maricopa County
No. FC 2010-095201
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED**

COUNSEL

McWhorter Law Firm, PLLC, Mesa
By Heath H. McWhorter
*Counsel for Petitioner/Appellant*

Yessika E. Moncur
*Respondent/Appellee in Propria Persona*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

---

**D O W N I E**, Judge:

**¶1**        Kerry Shawn Moncur, Sr., ("Father") appeals from a judgment entered against him for child support arrearages owed to Yessika Moncur ("Mother").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In May 2011, the superior court entered temporary orders for child support and spousal maintenance in the parties' ongoing dissolution proceedings.  Father was ordered to pay $724.35 in monthly child support and $275.35 in spousal maintenance.

**¶3**        The court entered a decree of dissolution in March 2012 that included the following provision:

> **Retroactive Child Support:** The temporary child support order is hereby adopted and affirmed as the retroactive child support order required by A.R.S. § 25-320(B).  Father shall pay retroactive child support for the months of February, March and April 2011 in the total amount of $2,173.65 at the rate of $100.00 per month until the past support is resolved. *If there are any arrearages for the period from the date of the temporary support order to the date of this Decree, Mother may seek enforcement through an appropriate petition.*

(Emphasis added.)

**¶4**        In July 2012, Mother filed a petition asking the court to award her, among other things, arrearages based on the temporary child support and spousal maintenance orders.  A hearing to consider Mother's motion was set before the Title IV-D court. The IV-D court, however, dismissed Mother's petition because it sought to enforce pre-decree orders.

¶5   In September 2012, Mother filed a second petition seeking to recover, *inter alia*, child support and spousal maintenance arrears based on the 2011 temporary orders. The court once again referred Mother's petition to the IV-D court, which at the time set for hearing, advised Mother "to file the appropriate motion with her assigned judicial officer."

¶6   Mother thereafter filed a document entitled "Petition to Explain Court Orders with Regards Enforcement of Temporary Orders for Child Support Spousal Support, and [Judgment] for Equalization Payment in Favor of Mother." She quoted the decree provision regarding arrearages from temporary orders and stated she had been trying to enforce such arrearages. Soon thereafter, the judge who had entered the decree issued a minute entry addressing "administrative and other errors" that had "thwarted repeated attempts" by Mother "to enforce the decree." The court stated that Family Court Administration had erroneously referred Mother's July 2012 petition to the IV-D court, which led to the petition being dismissed. Mother's September 2012 petition was also erroneously directed to the IV-D court, resulting in its dismissal. The court noted Mother's confusion was "understandable" and set a hearing to consider her requests.

¶7   After several hearings, the court ruled that Mother's "request for enforcement of pre-decree spousal maintenance is denied under Rule 47(M). That obligation is unenforceable because the Decree does not provide that it is subject to post-decree enforcement." Regarding child support arrears, however, the court ruled that Father owed Mother $3821.75 for unpaid temporary child support for the period of May 1, 2011 through March 31, 2012. The court entered judgment in favor of Mother for that amount, plus 10% interest as of April 1, 2012.

¶8   Father timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A).

**DISCUSSION**

¶9   Father characterizes the issue before us as "whether delinquent child support payments, which accrued under an order for temporary support, are enforceable after entry of the final decree of divorce when that decree makes no reference to the delinquent payments." He argues the temporary orders became ineffective upon entry of the final decree. We disagree.

¶10   Arizona Rule of Family Law Procedure 47(M) states that temporary orders "become ineffective and unenforceable upon

termination of an action . . . following entry of a final decree, judgment, or order, *unless that final decree, judgment, or order provides otherwise*." (Emphasis added.). Based on this rule, the superior court properly denied Mother's request for temporary spousal maintenance arrears because the decree did not preserve her right to recover such arrearages. As for temporary child support, however, Father's assertion that the decree makes "no reference to the delinquent payments" is simply incorrect. Paragraph 18 of the decree expressly authorizes Mother to seek enforcement "through an appropriate petition" of any child support arrearages "for the period from the date of the temporary support order to the date of [the] Decree." As such, the order regarding child support arrears is distinguishable from the order relating to spousal maintenance. Because the decree expressly preserved Mother's right to seek arrearages arising under the temporary child support order, the court did not err by awarding her such amounts.

**CONCLUSION**

¶11 We affirm the judgment of the superior court. We deny Father's request for an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324. Mother is entitled to recover her taxable costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama